

FILED
SUPERIOR COURT
OF GUAM



2019 FEB 28 PM 12: 56

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LETITIA S. LUJAN,<br><br>                          Plaintiff,<br>     vs.<br><br>STEVEN E. SHIMIZU,<br><br>                       Defendant. | DOMESTIC CASE NO. DM 0308-14<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 10, 2019, upon Plaintiff Letitia S. Lujan's Motion for Clarify Court's Appellate Jurisdiction Under 19 GCA Chapter 5A, Section 5501 et. Seq. and Rules for Expedited Process for the Superior Court of Guam, filed November 19, 2018 ("Motion for Clarification"). Attorney James M. Maher represented Plaintiff Letitia S. Lujan ("Plaintiff"), and Attorney Joaquin C. Arriola, Jr. represented Defendant Steven E. Shimizu ("Defendant"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On May 22, 2014, pursuant to the parties' Integrated Marital and Property Settlement Agreement encompassed by an Interlocutory Decree of Divorce and Final Decree of Divorce, the Court granted both parties joint physical and legal custody of their four minor children. The agreement also provided that "[n]o child support will be requested at this time." See Integrated Marital Settlement Agreement, p. 3 (May 22, 2014). Thereafter, on June 1, 2016, the Defendant

filed a Motion to Modify Child Support, asserting a "substantial or material change of circumstances" as a result of the parties' eldest child having reached the age of majority and because the Plaintiff's income had allegedly increased substantially. Subsequently, the matter was assigned to the Child Support Referee for disposition[1].

On March 21, 2018, Magistrate Sison issued his recommended Decision and Order on Defendant's Motion to Modify Child Support, finding neither material nor substantial changes in circumstances to support a modification. See Decision and Order (Mar. 21, 2018). On March 29, 2018, the Defendant timely filed an Objection to the Magistrate's order. Thereafter, on July 18, 2018, this Court heard oral arguments on the Defendant's objection and vacated the Magistrate's Decision and Order denying Defendant's Motion to Modify Child Support.

On November 19, 2019, the Plaintiff filed the instant motion seeking clarification of the Court's jurisdiction to hear further matters after having vacating the magistrate's recommended order. Specifically, Plaintiff argues that once a trial court, sitting as an appellate court pursuant to Guam Code Annotated Title 19 Chapter 5 and the Local Rules for Expedited Process, has rendered a Decision and Order on a recommendation, the trial court must remand the matter back to the referee to issue an amended recommendation not inconsistent with its opinion. Mot. at 3. The Defendant, on the other hand, maintains that this Court retains exclusive and continuing jurisdiction over the matters at issue, and has concurrent jurisdiction to hear all matters that may be heard by the referee. On January 10, 2019, a hearing was held on the Plaintiff's Motion for Clarification of the Court's Appellate Jurisdiction. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Title 19, Guam Code Annotated, Chapter 5A, created the Judicial Hearings Division – an expedited judicial process which "principal purpose . . . is to provide a speedy and efficient legal process in child support cases." 19 GCA §§ 5501, 5502(a); see Lamb v. Hoffman, 2005

---

[1] The matter was initially assigned to Child Support Referee Linda Ingles. However, on June 7, 2017, Judge Ingles recused herself and the matter was referred to Magistrate Judge Benjamin C. Sison, Jr. ("Magistrate Sison").

Guam 2 ¶ 41 (finding that the Legislature created the position of family court referee for the purpose of expediting the process of determining child support). Pursuant to this statute, referees and Hearings Officers perform specific duties in relation to family law matters **under the authority** of the Superior Court. See 19 GCA § 5503 (emphasis added). The law, however, is silent regarding whether or not the expedited judicial process is the exclusive process in child support matters, or whether the Court "must" or "should" remand the matter to the referee. Nonetheless, in interpreting 19 GCA § 5503, the Supreme Court of Guam held that the trial court must make a "good faith effort to supervise the referee and correct any obvious errors." Lamb, 2005 Guam 2 ¶ 41. Here, the Court, in its Decision and Order vacating the magistrate's recommendation, discovered both factual and analytical deficiencies in the magistrate's findings and declined to accept the recommended order. The Court, sitting in its supervisory capacity, sought to correct those manifest errors under its own authority and jurisdiction mandated by 19 GCA § 5503, 7 GCA § 4101, and 19 GCA §§ 8403-05.

Additionally, the Rules for Expedited Process govern the procedure before the Judicial Hearing Division of the Superior Court. Preamble to Super. Ct. Rules for Expedited Process (1994). Not surprisingly, Rule 4.2 mirrors 19 GCA § 5503. See Rule 4.2 of Super. Ct. Rules for Expedited Process ("[u]nder the authority of the Superior Court, a referee shall have the following duties in relation to family law matters . . ."). However, under the Rules, "[t]he Superior Court shall have **concurrent jurisdiction** to hear all matters that may be heard by the referee." Rule 4.2(g) of Super. Ct. Rules for Expedited Process (emphasis added). Thus, the referee does not have exclusive jurisdiction over child support matters. See Government of Guam v. Gutierrez, 2015 Guam 8 ("exclusive jurisdiction can be contrasted with concurrent jurisdiction where the [trial] court maintains original jurisdiction in certain matters at the same time that . . . [another] court has been granted the same original jurisdiction (citations omitted)). In other words, both the referee and the Superior Court have the ability to exercise judicial review at the same time over the same subject matter. Thus, the Court was well within its authority to vacate the magistrate's recommendation and later resolve the child support matters in the Superior Court without remanding the matter back to the referee.

Nonetheless, as stated above, the Court is to correct obvious errors made by the referee. Lamb, 2008 Guam 2 ¶ 41. The Court, in its Decision and Order found that the magistrate erred when he concluded that the children "aging out" and the Plaintiff's alleged increase in income did not constitute a substantial and material change in circumstances. Decision and Order (July 18, 2018). Therefore, the Court reversed and vacated the magistrate's recommendation, and found that the children "aging out" and the alleged increase in Plaintiff's income was a substantial and material change in circumstances. Further, having determined the matter appropriate for mediation, the Court ordered the parties to Inafa Maolek for mediation. The Court's Decision and Order thus, denied and modified the magistrate's recommendation. Id. ("[w]hen the Superior Court approves or modifies the finding of a referee, and converts the entire matter into a judgment, the opinions of the judge and referee merge into a single judgment which is then reviewable in its entirety by [the Supreme Court of Guam].").

## CONCLUSION

For the reasons set forth above, the Court holds, pursuant to 19 GCA §§ 5503, 8403-05 and Rule 4.2(g) of the Rules for Expedited Process, that the Superior Court of Guam has concurrent jurisdiction to hear all matters that may be heard by the referee and thus, retains jurisdiction over the instant child support matters and motions for modification. Further, the Court reversed and vacated the magistrate's recommendation in its Decision and Order issued July 18, 2018, finding a substantial and material change in circumstances to modify child support in this matter. A status hearing on the parties' mediation progress is scheduled for **March 5, 2019 at 11:00 am.**

IT IS SO ORDERED **FEB 2 8 2019** .

SERVICE BOX
I acknowledge a copy of the
original here was placed in the
court box on:

Date:

Superior Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

Page 4 of 4